Smith, P. J.
Action to set aside a deed of real estate from the defendant Joel Wilder to the defendant Alanson Wilder, as in fraud of the creditors of the grantor.
The deed was a quit-claim of the interest and estate of the grantor in a farm in Parma, Monroe county, containing 128 acres of land. It was dated and acknowledged on the 29th of August, 1885. At that time, Joel was indebted to several individuals, and among others to S. A. J. and *758 Aaron Garrett upon a promissory note for $44.40. Shortly after the execution of the deed by Joel, judgment upon said note was recovered against him in a justice’s court, a transcript thereof was filed in the county clerk’s office, execution was issued and returned unsatisfied, and supplementary proceedings were instituted. In those proceedings an order was made on the 19th of September, 1885, extending to them the receivership then existing in certain other supplementary proceedings which were commenced against Joel in favor of Seth J. Arnold and others before the execution of the deed. The plaintiff is the receiver, and he commenced this action about the 1st of November, 1885.
A question was discussed on the argument before us as (to the nature and extent of the interest or estate, which ¡Joel had in the premises quit-claimed to Alanson. He derived title to them by a deed executed to him, in September, 1884, by the said Alanson and Louisa his wife, who ‘were the parents of Joel. The question turns upon the construction of the deed. The granting clause therein, is in form, to “the party of the second part, his heirs and-:assigns forever.” Immediately after the description of the property, is a clause in the following words: This conveyance is made on the express condition that the property herein described, shall not be disposed of in any manner, by the party of the second part, but is to go to the heirs of the said Joel Wilder, on his death.” The plaintiff contends that under the deed, Joel took the fee; the contention of the defendant is, that the deed conveyed to Joel an estate for life, only, remainder to his heirs.
The question is not free from doubt, but we do not fhink its solution necessary to a determination of the present appeal, for we are of the opinion, that even if that question were ruled in the defendant’s favor, it would be necessary, nevertheless, to reverse the judgment, upon another ground which we proceed to state.
Joel was at the time of the execution of the deed in question, insolvent, as is shown by the fact that an execution against his property had been returned unsatisfied. The deed cannot be upheld, therefore, as against his creditors, unless it was made for a good and sufficient consideration. Without such consideration, it was presumptively fraudulent on his part, and his grantee cannot hold under it, as against the judgment creditors of Joel, even although he purchased without notice.
The answer of the defendant Alanson is framed to meet that feature of the case. It alleges that the defendant agreed to assume and pay certain debts therein specified, alleged to be then owing by Joel; to cancel and discharge a debt which Alanson held against him, and to pay off and *759 discharge the debt upon which the receiver had advertised the said premises for sale, and, also, the receiver’s costs, fees and expenses, all of which amounted to about $1,400, and in consideration of his doing so, Joel would execute to him his quit-claim deed. The answer further alleges, that Alanson carried out and performed said agreement on his part, and that the consideration thus agreed upon was a fair and adequate consideration for the estate and interest of Joel in said land.
The difficulty with the defense thus set up is that the averment of performance was not proved, except in part. According to the evidence, Alanson paid nothing except what was going to the receiver. That was about two hundred and fifty dollars. He is not shown to have paid a dollar upon the other debts, owing by Joel, specified in the answer. His own testimony was: “ I have not paid the note payable to my wife, nor any of the consideration for the deed, except the amount I paid to the receiver.”
The rule is, that a party relying upon the defense that he is a bona fide purchaser, entitled to hold, notwithstanding a prior equity, must show actual payment or performance before notice. An unexecuted agreement to pay is not enough. The giving of negotiable paper, that has been transferred to a bona fide holder, may suffice, for that is equivalent to payment, but an obligation by bond or other non-negotiable instrument, is not enough. Where a part only of the consideration is paid, before notice, the most that the purchaser can claim is that he be adjudged to have a lien upon the property to the extent of his payment.
This doctrine was considered by us in the recent case of Sargent v. The Eureka Bung Aparatus Co. (11 N. Y. State Rep., 68), and is supported by that case.
The debts of Joel, which Alanson assumed to pay, were owing to Joel’s mother and to his brother Willard. Alan-son entered into no written obligation to pay them, so far as appears, except that the quit-claim deed from Joel to himself recited that as a part of the consideration mentioned therein be assumed and agreed to pay, according to the terms thereof, two promissory notes executed by Joel to his mother, about three years previously, one for $300 and interest. and the other for $100 and interest; and also a promissory note given by Joel to his said brother, about one year previously, for $100 and interest. It does not appear that Alanson bound himself in writing to cancel his own debt, or that he has canceled it in anyway. He is not in a position, therefore, to assert title as against the plaintiff. But for the amount which he paid to the receiver, in good faith, he is entitled to be reimbursed, and to that end he has *760 a lien on the property to the amount of such payment, with interest. Weaver v. Barden, 49 N. Y., 286.
The judgment should be reversed and a new trial ordered, costs to abide event, unless the parties stipulate to modify the judgment in accordance with the views herein expressed, in which case the judgment, as so modified, should be affirmed, with costs to the plaintiff.
All concur.